# In the United States Court of Federal Claims

No. 01-443C
(Filed: October 25, 2012)
(Not for Publication)

* * * * * * * * * * * * * * * * * * * * * * * * * * *

EAGLEHAWK CARBON, INC., et al.,     *

     *

     Plaintiffs,     *

     *

     v.     *

     *

THE UNITED STATES,     *

     *

     Defendant.     *

     *

* * * * * * * * * * * * * * * * * * * * * * * * * * *

---

### MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

---

**WILLIAMS,** Judge.

This matter comes before the Court on Defendant's motion for summary judgment. Defendant argues that Plaintiffs' claims are barred by binding precedent. For the reasons explained below, the Court grants Defendant's motion.

### Background

In 2001, Plaintiffs filed a complaint in this Court seeking reimbursement of abandoned mine land ("AML") fees paid to the United States under the Surface Mining Control and Reclamation Act of 1977 ("SMCRA").[1] Plaintiffs argue that the AML fees, payable "per ton of coal produced" under § 1232 of the SMCRA, are unconstitutional under the Export Clause of the United States Constitution, which prohibits taxes on "Articles exported from any State." U.S. const., art. I, § 9, cl. 5. Plaintiffs further allege that § 1232 violates the Takings Clause of the Fifth Amendment of the Constitution.

---

[1] In 1977, Congress passed the SMCRA, Pub.L. No. 95-87, 91 Stat. 447 (codified as amended at 30 U.S.C. §§ 1201-1328). The SMCRA established the Abandoned Mine Reclamation Fund, which is partially supported by a reclamation, or AML fee, levied on coal mine operators for "coal produced." Id. §§ 1231(b), 1232. The statute and implementing regulations do not define "coal produced."

In a companion case, Consolidation Coal Company v. United States, the Federal Circuit addressed the constitutionality of § 1232 on two occasions. 615 F.3d 1378, 1381-82 (Fed. Cir. 2010) ("Consolidation Coal V"), cert. denied, 131 S.Ct. 2990 (2011); 528 F.3d 1344, 1347 (Fed. Cir. 2008) ("Consolidation Coal III"). First, the Consolidation Coal plaintiffs alleged that the AML fee was unconstitutional as applied to coal exported from the United States. In 2008, the Federal Circuit held that the term "coal produced" in the SMCRA could reasonably be interpreted to mean "coal extracted" -- a construction that did not violate the Export Clause. Consolidation Coal III, 528 F.3d at 1347. Two years later, the Consolidation Coal plaintiffs challenged the constitutionality of the regulations implementing § 1232, referred to as deferred payment regulations.[2] The Federal Circuit found that those regulations, like the SMCRA, did not violate the Export Clause, and the Supreme Court denied a petition for a writ of certiorari. Consolidation Coal V, 615 F.3d at 1381-82, cert. denied, 131 S.Ct. 2990.

Plaintiffs' instant case was stayed pending the resolution of Consolidation Coal. In October 2011, after the Supreme Court denied certiorari, Plaintiffs filed a motion to continue the stay of proceedings. This Court denied the motion, Eaglehawk Carbon, Inc. v. United States, 105 Fed. Cl. 128, 132 (2012), and Defendant filed a motion for summary judgment. In its motion, Defendant argues that the Federal Circuit's holdings in Consolidation Coal are binding precedent that prevent Plaintiffs from prevailing in this challenge to the AML fees. Plaintiffs concede that this Court is bound by Federal Circuit precedent but ask this Court to find that the Federal Circuit wrongly decided those cases. Pls.' Resp. 1.

**Discussion**

Summary judgment is appropriate where the evidence demonstrates that there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c)(1) of the Rules of the United States Court of Federal Claims ("RCFC"); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). A genuine issue is one that "may reasonably be resolved in favor of either party." Liberty Lobby, 477 U.S. at 250. A fact is material if it "might affect the outcome of the suit." Id. at 248. The moving party bears the burden of establishing the absence of any material fact. Mingus Constructors, Inc. v. United States, 812 F.2d 1387, 1390 (Fed. Cir. 1987) (citing United States v. Diebold, Inc., 369 U.S. 654, 655 (1962); SRI Int'l v. Matsushita Elec. Corp., 775 F.2d 1107, 1116 (Fed. Cir.1985)). Once this burden is met, the onus shifts to the non-movant to point to sufficient evidence that shows a dispute over a material fact that would allow a reasonable finder of fact to rule in its favor. Liberty Lobby, 477 U.S. at 256. It is not necessary that such evidence be admissible, but mere denials, conclusory statements, or evidence that is merely colorable will not defeat summary judgment. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); Liberty Lobby, 477 U.S. at 249-50; Mingus

---

[2] The Secretary of the Interior promulgated regulations providing that the fee on "coal produced" would be calculated "by the weight and value at the time of initial bona fide sale, transfer of ownership, or use by the operator." Abandoned Mine Reclamation Fund-Fee Collection and Coal Production Reporting, 42 Fed. Reg. 62713, 62715 (Dec. 13, 1977) (codified as amended at 30 C.F.R. § 870.12).

Constructors, 812 F.2d at 1390-91. A court does not weigh each side's evidence when considering a motion for summary judgment. Rather, "'the inferences to be drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion.'" Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986) (quoting Diebold, 369 U.S. at 655).

**The Court Has Jurisdiction Over Plaintiffs' Claim**

Defendant contends that the Court lacks jurisdiction over Plaintiffs' complaint because a challenge to the Office of Surface Mining Reclamation and Enforcement's ("OSM") regulations must have been brought in the United States District Court for the District of Columbia within 60 days of the promulgation of the challenged regulation. Def.'s Mot. 9 (citing 30 U.S.C. § 1276(a)(1) (2000)). As Defendant recognizes, the Federal Circuit rejected this argument because the Export Clause "provides the coal producers with an independent self-executing cause of action that allows for Tucker Act jurisdiction in the Court of Federal Claims." Consolidation Coal Co. v. United States, 351 F.3d. 1374, 1379 (Fed. Cir. 2003) ("Consolidation Coal I").

**Defendant Is Entitled to Summary Judgment Because the Federal Circuit Has Upheld the Constitutionality of the SMCRA and the Deferred Payment Regulations**

In Consolidation Coal III, the Federal Circuit found that the AML fee in the SMCRA did not violate the Export Clause. 528 F.3d at 1348. The Federal Circuit reasoned that by statute, the AML fee is imposed on "coal produced," and "coal produced" can reasonably be interpreted to mean "coal extracted." Id. at 1347. The Federal Circuit held that such a construction was consistent with the Export Clause, which permits the pre-export taxation of goods. Id. at 1347. In Consolidation Coal V, the plaintiffs argued that the regulations implementing the SMCRA violated the Export Clause because the regulations applied to coal when it was sold rather than when it was extracted. Consolidation Coal V, 615 F.3d at 1381. The Federal Circuit rejected the plaintiffs' argument, stating: "We hold that all of OSM's challenged regulations for collecting the reclamation fee under SMCRA, like the statute itself, apply to 'coal extracted' and do not violate the Export Clause." Id. at 1382.

Federal Circuit decisions are binding precedent on the Court of Federal Claims. Crowley v. United States, 398 F.3d 1329, 1335 (Fed. Cir. 2005) ("[T]he Court of Federal Claims may not deviate from the precedent of the United States Court of Appeals for the Federal Circuit any more than the Federal Circuit can deviate from the precedent of the United States Supreme Court."). This Court will not revisit an issue decided by the Federal Circuit unless there is a change in the circumstances of the law or evidence that renders the Federal Circuit's decision inapplicable. Garner v. United States, 85 Fed. Cl. 756, 769 (2009) (citing Coltec Indus., Inc. v. United States, 454 F.3d. 1340, 1353 (Fed. Cir. 2006)). Because the Federal Circuit's Consolidation Coal decisions are directly on point and defeat Plaintiffs' claims, the Court is compelled to enter judgment for Defendant.

3

Plaintiffs concede that the Federal Circuit in Consolidation Coal III and Consolidation Coal V decided the same claims that Plaintiffs attempt to bring here. Plaintiffs nonetheless ask this Court to depart from Federal Circuit precedent arguing that the Circuit erred in deciding Consolidation Coal III and Consolidation Coal V, because while the Circuit found that the AML fee applied to "coal produced," in actual practice, the fee is imposed when the coal is sold in violation of the Export Clause. The Federal Circuit directly addressed Plaintiffs' argument that because of the timing of the AML fee imposition, the regulations constitute a tax on "coal sold" rather than "coal extracted:"

> Appellants' arguments in this appeal regarding the language of the regulation are much the same as those made in *Consol III*. Using the same canon of construction, the doctrine of constitutional avoidance, we hold that the regulations implementing SMCRA do not violate the Export Clause. The regulations, like the statute, use the term "coal produced," and we conclude that this term in the regulation must be construed consistent with the identical term in the statute. "Coal produced" applies to "coal extracted" rather than "coal sold."

> The decision by OSM to delay collection of the reclamation fee to the time of sale simply "mitigate[s] the burden" on operators by not requiring the installation and use of weighing equipment at the time of extraction. Appellants' arguments regarding the change in weight between extraction and sale are not persuasive.

Consolidation Coal V, 615 F.3d at 1382 (citation omitted). Because the Federal Circuit in Consolidation Coal V rejected the identical argument Plaintiffs' attempt to raise now, there is no basis to entertain that argument again in this forum.

Plaintiffs further assert that in Drummond Coal Company v. Hodel, the Court of Appeals for the District of Columbia and the District Court for the District of Columbia held that the AML fee is a tax on coal that is sold -- not a tax on coal produced, as the Federal Circuit held. Pls.' Resp. 15-16 (citing Drummond Coal Co. v. Hodel, 796 F.2d 503, 505 (D.C. Cir. 1986); Drummond Coal Co. v. Hodel, 610 F. Supp. 1489, 1497 (D.D.C. 1985)). However, in Consolidation Coal III, the Federal Circuit addressed this argument and distinguished Drummond. 528 F.3d at 1348. The Federal Circuit noted that the Drummond courts were not interpreting the SMCRA in the context of a constitutional Export Clause challenge, but in the context of a claim that the Secretary exceeded his authority in promulgating regulations under the SMCRA.

As the Court in Red River Coal Company v. United States, 105 Fed. Cl. 602, 607 (2012), recognized:

> The *Drummond* court did not conclude that "coal produced" included the sale of coal, but that the Secretary's interpretation that the term included the weight of water and other impurities was reasonable. [Consolidation Coal III, 528 F.3d at 1348]. For that reason, the court gave *Chevron* deference to the interpretation of

4

"coal produced" used by the Secretary in implementing the OSM regulations. *See Drummond*, 796 F.2d at 506-08.

The Federal Circuit noted that "a court must interpret an ambiguous statute so as to give it the 'only reasonable construction which preserves the constitutionality of the statute.'" Consolidation Coal III, 528 F.3d at 1348. Given that the Federal Circuit squarely rejected Plaintiffs' construction of Drummond in Consolidation Coal III, this Court declines to adopt it here.

**Plaintiffs' Fifth Amendment Takings Claim Fails**

Plaintiffs further claim that the imposition of the AML fee on coal violates the Takings Clause of the Fifth Amendment. In a takings case, the plaintiff must demonstrate that the Government took a private property interest for public use without just compensation. Hodel v. Va. Surface Mining & Reclamation Ass'n, 452 U.S. 264, 294 (1981); Rogers v. United States, 90 Fed. Cl. 418, 427 (2009). In this case, Plaintiffs argue that their property interest -- money -- was taken as the result of the AML fee. However, as the Federal Circuit has recognized, "while a taking may occur when a specific fund of money is involved, the mere imposition of an obligation to pay money, as here, does not give rise to a claim under the Takings Clause of the Fifth Amendment." Commonwealth Edison Co. v. United States, 271 F.3d 1327, 1340 (Fed. Cir. 2001).

## Conclusion

For the reasons set forth above, Defendant's motion for summary judgment is **GRANTED**. The Clerk is directed to enter judgment in favor of Defendant.

s/MaryEllen Coster Williams
**MARY ELLEN COSTER WILLIAMS**
**Judge**

5